| Fill in this information to identify your case: |
|---|

| Debtor 1 | **Jacqueline L Carson** |
|---|---|
| | First Name / Middle Name / Last Name |
| Debtor 2 (Spouse if, filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF WISCONSIN |
| Case number (if known) | 21-23234 |

# Official Form Plan for the Eastern District of Wisconsin
# Chapter 13 Plan

5/2021

## Part 1: Notices

"Debtor" as used in this plan means both debtors in a joint case, except where otherwise specified. "Estate" means the estate of each debtor, unless otherwise specified.

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not mean that the option is necessarily appropriate for you. Plans that do not comply with local rules and judicial rulings may not be confirmable. Nothing in this plan controls over a contrary court order.

**THIS FORM PLAN MAY NOT BE ALTERED OTHER THAN THE NONSTANDARD PROVISIONS IN PART 8 BELOW.**
*Nonstandard provisions set out elsewhere in this plan are ineffective.*

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, your attorney must file an objection to confirmation. The objection must be filed within 28 days of the completion of the Section 341 Meeting of Creditors. The court may schedule a hearing on any timely filed objections. The court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. You must timely file a proof of claim. The trustee will only pay creditors who hold allowed claims provided for by the plan.

**Note to Secured Creditors:** If your secured claim is not provided for in Part 3 below, no funds will be disbursed to you by the trustee on your secured claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

All plan terms relating to the debtor's submission of future earnings or income to the trustee as is necessary for the execution of the plan must be contained in this Part 2.

- Each debtor is responsible for making all payments required by the plan or confirmation order, including those that are deducted from wages as a result of a payroll deduction order.
- The debtor may change the manner of payment to the Trustee, rather than the amount of the payments, by filing Form 9011.
- The debtor may change the amount of the plan payment only by filing and serving an amendment (pre-confirmation) or modification (post-confirmation) to the plan.
- The plan may not provide for payments over a period that is longer than 60 months.

**2.1 Length of plan:**

    **A. Length of plan:** This is a **60** month plan.

Debtor **Jacqueline L Carson** Case number **21-23234**

*Debtor must check one of the following boxes:*

☐ **Debtor's current monthly income is OVER median**

For an OVER-median-income debtor, the plan ends sixty (60) months from the beginning of the plan term or when all allowed nonpriority unsecured claims are paid in full.

☑ **Debtor's current monthly income is UNDER median**

For an UNDER-median-income debtor, the debtor must make sufficient periodic or other payments to enable the trustee to make the distributions to creditors stated in this plan. Thirty-six (36) or more months from the beginning of the plan term, the plan will end when all holders of allowed nonpriority unsecured claims have received the payment amount or percentage stated in Part 5. Prior to thirty-six (36) months from the beginning of the plan term, the plan will end when all holders of allowed claims have received the payment required by the plan and holders of nonpriority unsecured claims have been paid in full. The plan will not end earlier than sixty (60) months if there is a creditor listed in § 4.5 of this plan that will receive less than full payment of its claim under 11 U.S.C. §§ 1322(a)(4) and 507(a)(1)(B).

**B. First payment is due under the plan and the applicable commitment period begins:**

*Debtor must check either (1) or (2) (do not check both) and then must check one (and only one) provision in the chosen section:*

☐ **(1) The debtor paid the filing fee when filing the petition,** the first payment is due under the plan (choose one):

    ☐ Thirty (30) days after the date of filing the petition

    ☐ Thirty (30) days after the entry of an order confirming the plan.

    ☐ On the following date: _____.

Or

☑ **(2) The debtor filed an application to pay the filing fee in installments**, the first payment is due under the plan (choose one):

    ☐ The plan term begins thirty (30) days after the final installment is due.

    ☑ Thirty (30) days after the entry of an order confirming the plan.

    ☐ On the following date (after the final installment is due) _____.

If debtor makes no selection or makes multiple selections, then the first payment is due under the plan thirty (30) days after the date of filing the petition.

The debtor must comply with the payment obligations made under 11 U.S.C. §1326, regardless of which selection is made here; thus, **the debtor must commence making payments to the trustee in the amount proposed in Part 2.2 no later than 30 days after filing the bankruptcy petition**, unless the court orders otherwise.

**2.2 Plan Payments.** Regular payments to the trustee will be made from future income in the following manner:

*Sub A - Go to Sub B for "step" or "skip" plans*

☑ **Plan has no changes in periodic plan amounts or frequency (no "steps")**

Plan payments are $**926.00** Monthly.

*Check all that apply*

☐ Debtor will make payments pursuant to a payroll deduction order.
    ☐ Debtor **[insert 1 or 2 here]**, employer listed on Schedule I #1, will make payments at the following pay frequency:
        ☐ Weekly    ☐ Bi-weekly or every other week    ☐ Semi-Monthly or two times each month    ☐ Monthly

☐ Debtors are dividing payments
    ☐ Debtor 1, employer listed on Schedule I #1, will pay $_____ monthly at the following pay frequency:
        ☐ Weekly    ☐ Bi-weekly or every other week    ☐ Semi-Monthly or two times each month    ☐ Monthly

    ☐ Debtor 2, employer listed on Schedule I #1, will pay $_____ monthly at the following pay frequency:
        ☐ Weekly    ☐ Bi-weekly or every other week    ☐ Semi-Monthly or two times each    ☐ Monthly

| Debtor | Jacqueline L Carson | Case number | 21-23234 |
|---|---|---|---|

month

☐ Debtor will make payments directly to the trustee. If a joint case, the payment order will be in the names of both debtors.

☐ Debtor1 and Debtor 2 are dividing payments.
    ☐ Debtor 1 will pay $_____ per month directly to the trustee.
    ☐ Debtor 2 will pay $_____ per month directly to the trustee.

Sub B "step plans" or "skip" plans

☐ **Plan has changes in periodic plan amounts or frequency ("steps" or "skips")** *If none, the rest of 2.2 need not be completed or reproduced.*

**2.3 Additional payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.3 need not be completed or reproduced.*

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.2 and 2.3 is $ 55,560.00 .**

**2.5 Income tax refunds.**

The debtor will supply the trustee with a copy of each federal and state income tax return filed during the plan term within 14 days of filing any return. The tax refunds received by the debtor must be accounted for on Schedules I and J and, if applicable, Form 122-C-2.

## Part 3: Treatment of Secured Claims

The following provisions apply to subparts 3.1, 3.2, and 3.3.

The trustee will disburse amounts listed in the *Monthly plan payment on arrearage and Monthly payment to creditor columns each month. If no amount is listed in the Monthly plan payment on arrearage or Monthly payment to creditor columns*, the trustee will disburse payments to the creditors listed in Part 3 pro rata with other secured creditors that do not receive equal monthly payments.

If a secured creditor obtains relief from the automatic stay as to collateral listed in this section, the trustee will cease further payments to that creditor, and, as of the date of entry of the order granting stay relief, the plan will be deemed not to provide for that creditor's secured claims (beyond payments actually made to creditor as of that date) or any further payment on those claims to the extent secured by that collateral regardless of whether the plan provided for payment on those secured claims before the creditor was afforded relief from stay.

The trustee will pay any arrearage listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) or 3004, and allowed amounts listed on such proof of claim control over any contrary amounts stated below as to the current installment payment and arrearage.

Payment of Notices filed under Rule 3002.1(c): The trustee will pay post-petition notices of fees, expenses, and charges filed pursuant to Bankruptcy Rule 3002.1(c) ("3002.1(c) Notice") pro rata when the trustee pays other secured creditors, unless the debtor timely objects to the 3002.1(c) Notice. If the debtor timely objects, the trustee will pay the amount as determined by the court. The trustee will not pay 3002.1(c) Notice amounts if the plan provides for avoidance of the creditor's lien or the surrender of all property securing the creditor's claim.

**3.1 Maintenance of payments and cure of default.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ The debtor will maintain payments during the case on allowed secured claims listed below by paying the contractually due amount directly to the claimant. For allowed secured claims provided for in this section of the plan, the trustee will pay the arrearage in full, with interest, if any, at the rate stated in the Interest rate on arrearage column. If the *Interest rate* on arrearage column is left blank, the trustee will not pay interest on the arrearage..

The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Amount of arrearage - Disbursed by Trustee (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|
| DLJ Mortgage Capital | 2601 N. 46th St. Milwaukee, WI 53210 Milwaukee County | Prepetition: $46,000.00 | 0.00% | | $46,000.00 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security and modification of undersecured claims held by non-governmental entities.** *Check one.*

*This paragraph applies only to allowed secured claims held by non-governmental entities. Provision for payment of allowed secured claims held by governmental entities may only be made in paragraph 3.3. Requests to determine the allowed value of a secured governmental claim must be made by claim objection or motion.*

☑    **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506 and payment of fully secured claims**

*Check one.*
☑    **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance**.

*Check one.*
☑    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**3.6 Pre-confirmation adequate protection payments.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 3.6 need not be completed or reproduced.

| Part 4: | Treatment of Fees and Priority Claims |

**4.1 General**
Trustee's fees and all allowed priority claims will be paid in full without post-petition interest unless the plan otherwise provides.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**5,050.80**.

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,500.00**. **Unless otherwise ordered, allowed administrative expenses for attorney's fees will be paid by the trustee.**

**4.4 Priority claims other than allowed administrative expenses and domestic support obligations as treated in § 4.5.** The priority debt amounts listed on a filed proof of claim control over any contrary amounts listed in this section.
☑    **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5 Domestic support obligations.** The priority debt amounts listed on a filed proof of claim control over any contrary amounts listed in this section.

*Check one or more.*

☑    **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

| Part 5: | Treatment of Nonpriority Unsecured Claims |

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☑    The sum of $ **0**
☐    _____% of the total amount of these claims, an estimated payment of $_____

If the estate of the debtor were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Other separately classified nonpriority unsecured claims.** *Check one*.

☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| Part 6: | Executory Contracts, Unexpired Leases, and Post-Petition Claims Filed Under § 1305 |

| Debtor | Jacqueline L Carson | Case number | 21-23234 |
|---|---|---|---|

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2 Post-petition claims filed under 11 U.S.C. § 1305.** *Check one.*

- [ ] If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse no funds on any that claim.

- [ ] If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse funds on the claim. If necessary the debtor will modify the plan to maintain plan feasibility.

### Part 7: Vesting of Property of the Estate and Order of Distribution of Available Funds by the Trustee

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box (if neither box is checked, estate property vests in the debtor when the court enters an order confirming the plan):*

- [✓] plan confirmation.
- [✓] other. **Property not vesting at confirmation: For all property not vesting in the debtor at confirmation, identify that property (if other than all estate property), state when the property will vest in the debtor, and state the reasons for vesting at that time, rather than at confirmation:** \_\_\_\_

**7.2 Order of distribution of available funds by the trustee after plan confirmation.**

Regular order of disbursement after trustee fees:

Any equal monthly payments to secured creditors listed in Part 3, then

all attorney's fees listed in § 4.3, then

all secured debt (paid pro rata) without equal monthly payments in Part 3 and lease arrearages in § 6.1, then

all uncontested and court-allowed fees, expenses, and charges filed pursuant to 3002.1(c) or authorized by court order, then

all priority debt (paid pro rata) under § 1322(a)(2) in §§ 4.4 and 4.5, then

all priority debt (paid pro rata) under § 1322(a)(4) in § 4.5, then

all non-priority unsecured debt (paid pro rata) in Part 5, then

any § 1305 claims in § 6.2.

**Should the case be dismissed or converted to another chapter, the trustee will refund all funds on hand to the debtor.**

| Debtor | Jacqueline L Carson | Case number | 21-23234 |
|---|---|---|---|

**Part 8: Mortgage Modification Mediation and Other Nonstandard Plan Provisions**

*Under Bankruptcy Rule 3015(c), nonstandard provisions, including the employment of mortgage modification mediation, must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The plan provisions in this Part, including both subpart 8.2 and 8.3, will be effective only if there is a check in the box "Included" in subpart 1.3.*

**8.1 None.**
☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**Part 9: Signatures:**

**9.1 Signatures of Debtor and Debtor's Attorney**

*If the Debtor does not have an attorney, the Debtor must sign below; otherwise the Debtor's signature is optional. The attorney for the Debtor, if any, must sign below.*

X **/s/ Jacqueline L Carson**
**Jacqueline L Carson**
Signature of Debtor 1

X
Signature of Debtor 2

Executed on **June 22, 2021**

Executed on

X **/s/ Dean R. Troyer**
**Dean R. Troyer 1029084**
Signature of attorney for Debtor

Date **June 22, 2021**

By filing this document, each debtor, if not represented by an attorney, or the attorney for each debtor also certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Official Form Plan for the Eastern District of Wisconsin, other than any nonstandard provisions included in Part 8.

| | | |
|---|---|---|
| Debtor | Jacqueline L Carson | Case number  21-23234 |

**Exhibit: Total Amount of Estimated Trustee Payments**

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*): | $46,000.00 |
| b. | **Modified secured claims** (*Part 3, Section 3.2 total*): | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*): | $0.00 |
| d. | **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*): | $0.00 |
| e. | **Fees and priority claims** (*Part 4, total*): | $9,550.80 |
| f. | **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*): | $9.20 |
| g. | **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | $0.00 |
| h. | **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** (*Part 6, total*) | $0.00 |
| j. | **Nonstandard payments** (*Part 8, total*) + | $0.00 |
| | **Total of lines a through j** | $55,560.00 |